<hr />

## MAYER v. WELLS.

(Circuit Court of Appeals, Sixth Circuit. April 16, 1915. Rehearing Denied June 18, 1915.)

### No. 2552.

CONTRACTS ☞320—PERFORMANCE—FAILURE TO PERFORM—EFFECT.

Where an architect, employed to prepare plans and specifications to be approved by defendant and a city inspector of buildings for remodeling a building, which was to be made new with the exception of the outside walls, prepared plans and specifications showing that the basement walls

were 26 inches thick, and, after learning from defendant that they were in fact only 18 inches thick, corrected the plans, but never submitted the corrected and changed plans, or any plans showing an 18-inch wall, to defendant for approval, he failed to comply with a most important provision of the contract, and could not recover the contract price for his services.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1459, 1469, 1493–1527; Dec. Dig. ☞320.]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; William L. Day, Judge.

Action by M. E. Wells against D. H. Mayer. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

F. J. Wing and E. J. Thobaben, both of Cleveland, Ohio, for plaintiff in error.

S. H. Holding, of Cleveland, Ohio, for defendant in error.

Before KNAPPEN and DENISON, Circuit Judges, and SATER, District Judge.

SATER, District Judge. The plaintiff in error (hereinafter called the defendant) seeks a reversal of the judgment entered against him on a verdict in favor of the defendant in error, who was the plaintiff below. The only assignment of error that need be considered is that which relates to the refusal of the trial court at the close of all the evidence to direct a verdict in favor of the defendant.

The parties agreed that the plaintiff, an architect, should make for the defendant the plans and specifications for the remodeling of a building in Cleveland, Ohio, all of which, excepting the outside walls, was to be made new. The plans and specifications were to be in accordance with the building code of that city, and were also to be satisfactory to the defendant and approved by both him and the city inspector of buildings. The plaintiff was to assist in letting the contracts for erection and to superintend the work of construction. For all of his services he was to receive 5 per cent. on the cost of the improvement. The defendant wished a six-story building, if the walls were of sufficient size and strength to meet the requirements of the code.

About two years prior to the date of the contract the defendant exhibited to the plaintiff a copy of a set of plans prepared by another architect for the proposed building, but they did not show the thickness of the walls or give any information in that respect, except such as the plaintiff obtained by estimation. The plaintiff affirms, and the defendant by necessary implication denies, that the latter represented the foundation walls to be solid and 26 inches thick. The plaintiff, however, did not rely on such statement, if made, or on his estimate of their thickness made from the plans exhibited to him; but, that he might learn their dimensions and ability to carry the load which would be imposed on them, and might also obtain such other information as would be conducive to accuracy in the preparation of the plans, he caused his draftsman to examine and make measurements of the build-

ing. The walls as originally built had been reinforced by pilasters about 9 inches thick and about 5 feet apart. The measurements made by the draftsman at the point where he digged through the south wall of the basement showed such walls, according to his recollection, to be 26 inches thick. The plaintiff was with him at different times when measurements were made.

On account of suggestions and changes made by the defendant, considerable time and labor were expended by the plaintiff in preparing the plans and specifications. He submitted a copy of them to the inspector of buildings, with an application for a permit to erect the proposed structure, and in such application represented the front wall of the basement to be 17 inches, its rear wall 21 inches, and the side walls for the entire height of the building 21 inches including the pilasters. Following such application and submission to the inspector, the plaintiff forwarded to the defendant a copy of the plans and specifications. They showed the basement walls to be solid and 26 inches thick. The defendant did not approve them, but wrote the plaintiff that, "with a slight omission on the blueprint and a few changes in the specifications, we will be ready for action," and that he would be in Cleveland within the next four days. Feeling uncertain about the thickness of the walls, upon his arrival in Cleveland he personally measured the walls and found their thickness to be 18 inches, which was less than the building code required, and the pilasters not to extend as far below the surface as had been supposed. He thereupon notified the plaintiff that the plans were radically wrong in their representations and measurements, unsatisfactory and rejected, that they would receive no further consideration, and that he did not wish the plaintiff to proceed further in the matter. The plaintiff in turn informed him that he held himself in readiness to carry out his contract and that he expected the defendant to do the same. He corrected the plans, so as to show the basement walls to be 18 inches with 9-inch pilasters. He also changed the light wells, relocated the heating apparatus, which had been previously shown under the sidewalk, extended the water pipes to meet the requirements of the other changes made, and provided for pilasters to correspond with those shown below, and also for rebuilding a portion of the second story wall where it had been shown on the plans as solid. Such other modifications were made as the above changes rendered necessary. After obtaining a permit to build and receiving bids for the erection of the structure, he notified the defendant of his action and called upon him to perform. Receiving no response, he in due time sued for the full contract price for his services, averring that he had faithfully performed all the terms and conditions of his contract. This was denied by the answer.

The evidence is conflicting as to whether the plaintiff, before he submitted the plans to the defendant for approval, knew of a want of correspondence between the walls actually existing and as shown on the plans, and as to whether the plaintiff's draftsman had made a statement to that effect to the defendant. Whatever the fact may be as to such matters, the plaintiff freely admits that he erred in his representation to the defendant and the inspector of buildings as to the thickness of

the walls; that he never learned their true thickness until after he obtained information on that point from the defendant, which information on verification he found to be correct; and that after his discovery of his errors there was nothing for him to do but to change the plans and see if the inspector would grant a permit to build. He did not at any time submit his corrected and changed plans to the defendant for his approval. Testifying on that subject, he said:

"I never sent him plans that showed an 18-inch wall, and he never in any way approved of them to my knowledge."

This statement was confirmed by the defendant and was controverted by no one. The plaintiff consequently never complied with a most important provision of his contract.

On the record presented, the defendant was entitled to a directed verdict, and for this reason the judgment is reversed, and the cause remanded to the District Court, with directions to award a new trial and to take further proceedings not inconsistent with this opinion.